IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Len W. Hill
2724 S 37th St
Kansas City, KS 66106

   Plaintiff,

               Case No. 14-2502

vs.

**EQUIFAX INFORMATION SERVICES, LLC**
serve:
Corporation Service Company
2900 SW Wanamaker Drive, Ste 204
Topeka, KS 66614

   Defendants.

# COMPLAINT

COMES NOW Plaintiff Len Hill, by and through his undersigned counsel, who for the Complaint against Equifax Information Services, LLC, states as follows:

## CASE SUMMARY

1. Mr. Hill discovered a civil judgment being reported on the public records section of his Equifax credit report. The judgment was inaccurately placed in the Plaintiff's credit file as he was never sued by Discover. The Plaintiff initiated a dispute with Equifax to request an investigation to delete the improper listing. Equifax verified the information pertaining to the judgment in the Plaintiff's credit file.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 and generally under 28 U.S.C. §§ 1331 and 1337. The events took place in this District.

## PARTIES AND SERVICE

3. Len Hill resides in Kansas City, Wyandotte County, Kansas. He is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

4. Defendant Equifax is a corporation defined as consumer reporting agency by the FCRA, 15 U.S.C. § 1681a (f).

5. Defendant Equifax may be served at their registered agent: Corporation Service Company, 2900 SW Wanamaker Drive, Ste 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS

6. On July 12th, 2010, Discover Bank took default judgment, case #10LM5276, in the District Court of Wyandotte County for $4,952.45.

7. The Defendant in case #10LM5276 was named Leonard Hill.

8. The Defendant in that case was not the same person as Len W. Hill, the Plaintiff in this case.

9. Years later, on June 8, 2014, Plaintiff was denied credit from Eaglemark Savings Bank.

10. Upon the denial, he reviewed his Equifax report for inaccuracies.

11. Plaintiff found the judgment for case #10LM5276 listed in the public records section of his credit report.

12. This judgment, listed for $4,952, did not belong to Plaintiff.

13. On two different occasions, the Plaintiff called Equifax to notify them of the mistake.

14. Each time, Plaintiff requested that they compare his social security number to that of the social security number listed on the lawsuit.

15. Equifax refused to investigate the Plaintiff's claims.

16. Therefore, Plaintiff initiated a dispute with Equifax on June 25th, 2014.

17. Plaintiff requested that Equifax initiate an investigation of the judgment listed on his public record section and to delete it accordingly.

18. On June 30th, 2014, Equifax notified Mr. Hill that they had verified that the judgment did belong on his Equifax credit report.

19. However, the Plaintiff's name, address, birthdate and social security number differed from the Leonard Hill involved in the 2010 lawsuit.

20. Equifax is incorrectly reporting someone else's judgment on the Plaintiff's credit report.

21. A simple investigation would have revealed that the judgment did not belong to the Plaintiff.

22. Equifax failed to conduct a reasonable investigation in response to Mr. Hill's dispute concerning the improper judgment in his credit file.

23. As a result of the Defendant's actions, Mr. Hill suffered actual damages, including but not limited to damage to his credit rating for the last 4 years, inability to acquire credit, lost time, stress, aggravation, frustration and inconvenience.

**COUNT I - VIOLATION OF THE FCRA, 15 U.S.C § 1681, *et seq*. (Equifax)**

24. Mr. Hill incorporates by reference each and every prior paragraph of this Complaint.

25. As a credit reporting agency, Equifax is aware the importance of accurate credit reporting.

26. Equifax also has extensive knowledge of the impact a civil judgment can have on a consumer's ability to acquire credit.

27. Yet, Equifax failed to maintain reasonable procedures to ensure the maximum possible accuracy of the reported consumer credit information.

28. Further, upon receipt of notification that the lawsuit did not belong to the Plaintiff, Equifax failed to conduct a genuine and reasonable investigation of the disputed account.

29. A cursory review would have identified that the name, social security number and date of birth did not match the Plaintiff with the 2010 judgment.

30. Equifax's failures to both maintain procedures to ensure accuracy and conduct a reasonable investigation when disputed constitute a willful violation of the FCRA.

31. Under the FCRA, Mr. Hill is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Len Hill respectfully requests this Court award the following:

    A.    the greater of actual or statutory damages;

    B.    punitive damages against Defendant Equifax;

    C.    attorneys' fees and costs of this action;

    D.    such other relief as may be deemed just and proper;

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

## DESIGNATION OF PLACE OF TRIAL

Please take notice that Plaintiff requests trial to be located in Kansas City, Kansas.

Respectfully Submitted by:

By: */s/ Ryan D. Knipp*
Ryan D. Knipp #58782
Ryan B. Patton #78155
Patton & Knipp, LLC
12760 W 87th St Pkwy, Suite 108
Lenexa, KS 66215
Phone: (913) 495-9998
Fax: (888) 720-1985
rknipp@pattonknipp.com
rpatton@pattonknipp.com

**COUNSEL FOR PLAINTIFF**